No. 68.—LITTLEBURY OVERBY *v.* HEZEKIAH OVERBY, Administrator. MARY E. OVERBY, Tutrix, Intervenor.

Contracts entered into between belligerent enemies are absolutely null.

In the late civil war between the United States and the (so called) Confederate States, every individual within the military lines of the one, was a belligerent with reference to the other, and every contract between two parties, the one residing within the military lines of the United States and the other residing within the Confederate lines is absolutely null and void. 20 An. 241.

The contract of agency is included in the prohibitions established by acts of Congress and the proclamation of the President of the United States interdicting trade and intercourse between citizens of the United States and the insurgents, and is therefore void. 12 U. S. Statutes at large, page 1262. Proclamation of the President of August 16, 1861.

APPEAL from the Parish Court, parish of Morehouse. *Bussey,* Parish Judge. *S. G. Parsons,* for plaintiff and appellant, *James H. Boatner,* for defendant and appellee.

HOWELL, J. This is an action by a principal against the legal representative of an agent for the delivery of certain cotton or the value thereof, alleged to have been purchased by the agent with the funds of, and for the principal. The tutrix of the minor children of the deceased agent intervened and joined in the defense, which pre-

sents *first*, by peremptory exception, the legality of the agency, alleging that the contracting parties lived or resided at the time upon opposite sides of hostile military lines, were enemies and incapable of contracting.

It is shown that the plaintiff then resided and still resides in the State of Kentucky, a State within the Federal military lines and not one of the insurgent States, and the deceased in Morehouse parish, State of Louisiana, declared by proper authority to be insurgent territory and actually in the occupation of the insurgent military forces; that plaintiff passed through the respective military lines in February, 1862, came to Morehouse parish, constituted his brother, the deceased, his agent to buy cotton on their joint account and furnished the funds for the purpose.

They were consequently in a technical legal sense enemies, and upon general principals of international law, relating to civil war as well as by the terms of the act of Congress of thirteenth of July, 1861, and the proclamations of the President thereunder, incapable of contracting together or establishing any business relations between themselves. The plaintiff was in Morehouse parish in violation and defiance of the rules and regulations of war, the laws of nations and the special laws of this country, and the specific commerce in which he proposed to engage was specially prohibited. 12 U. S. Statutes at large 1262; Proclamation of President, August 16, 1861; 1 Kent 66, 74, 77; 19 An. 491; 20 A. 241; 18 H. 114.

As said in 20 A. 241, " contracts entered into between belligerent enemies are absolutely null, because they affect eminently the public order; each individual becomes by the very existence of the war the enemy of every other person domiciled within the enemy's territory; they are respectively belligerents, and subject in that respect, to all the consequences and to the operations of the laws of war.

"The theory of the law of nations on this subject is, that there cannot be a war for arms, and peace for commerce and trading, at one and the same time.   It would be dangerous for any nation in a state of civil war to permit that degree of intercourse to be carried on which must necessarily result from trading and commerce.   It would certainly interfere with the secrecy, certainty and dispatch of military operations, without which any war could not be successfully carried on.   1 Kent's Com. p. 66.

" The proclamation of the President of the United States prohibiting intercourse between parties domiciled within the lines of the belligerents was in pursuance of those well settled principles of law.

"Contracts thus entered into are null and void in their inception and original concoction, and no subsequent events can render them valid.   See Howard's U. S. S. C. Rep. 50; Kennet's case, 18 How. p. 114."

The contract of agency is as much within the operation of these principles as any other contract. It requires the concurrence of two minds, an agreement between two parties in a position to contract; its object must be lawful, and the power conferred must be one which the principal himself has a right to exercise. C. C. 2956.

In this case the plaintiff had no right to exercise the power he attempted to confer—to buy cotton in Morehouse parish, or any of the insurgent States, for it was prohibited; and he could not authorize his brother to do so. The courts cannot interfere in such cases to force settlements. The judgment sustaining the exception is correct.

It is therefore ordered that the judgment appealed from be affirmed with costs.